Larry D. Vaught, Judge, dissenting. The majority concludes that because serious physical injury is not an element of sexual assault,[2] we must reverse the jury’s finding |9that the appellant attempted to inflict serious physical harm-when he attempted to sexually assault Ms. Wright. That is illogical and not grounded in any statutory or case law in Arkansas. The jury correctly found that when a man follows a woman home, intrudes into her house naked from the waist -down, masturbates in front of her and her small child, chases and grabs her, and continues to pursue her throughout the house even as she kicks, screams, and fights him off, he has attempted to seriously injure her. Other than the five judges in the majority, I would be hard-pressed to find anyone who disagrees. Inskeep attempted to have sexual contact with Wright by means of physical force. He demonstrated a complete disregard for the welfare of the young daughter Ms. Wright was holding throughout the ordeal. While the child suffered only a small scratch, the risk posed to her safety was much greater. She could have been dropped during the chase or injured as Ms. Wright fought off the appéllant. The jury could and did infer that if appellant had caught Wright and had her husband not been home to intervene, appellant would have seriously harmed her.' That conclusion does not rely on the elements of sexual assault or rape, but on the natural consequences of the acts of the appellant. This is not a statutory construction case. We are not called on to determine if serious physical harm is a necessary element of every rape or sexual assault. It is undisputed that it is not. Dillon, 311 Ark. at 542, 844 S.W.2d at 950. The majority’s focus on this line of cases is a red herring; it fails to recognize that, although not all sexual assaults involve serious physical injury, some do, and the jury .in this case found that Inskeep attempted to inflict serious physical injury or death on Wright when he attempted to sexually assault her. | ¶ nWhen Inskeep argued to the circuit court that there was not enough evidence to support his conviction, the court ruled that “rape or sexual assault is a serious physical injury.” I agree with that position. However, that is - not the question before, us. We must only determine whether these particular facts constituted an attempt to indict serious physical injury or death. The jury believed that they did, and I see no compelling reason to reverse their sound judgment. My colleagues disagree and would require more in order to meet the high threshold for aggravated residential burglary. The obvious question, then, is how much more? What else should be required when a half-naked man attacks a woman and her child in their home? Must he verbally state his intent to kill or seriously injure? Must he land a punch or break a bone before the law will recognize his acts as “aggravated?” Under the majority’s approach, an attacker could complete the act of rape during a residential burglary and it still would not qualify as an “attempt to indict serious physical injury or death” if the victim was able to avoid such injury by complying with the attacker’s demands. The majority approach treats the defendant who breaks into a home with the specific intent to rape a resident the same as a burglar who breaks in to steal a television set while no one is .home. I cannot accept that such a rule was the intent of the legislature in enacting Arkansas Code Annotated section 5-39-204(a) (Repl. 2013). Our sole task is to determine if the jury had sufficient facts to find that appellant attempted to indict serious physical injury to Ms. Wright or her fifteen-month-old child. I have no trouble affirming that it did. I refuse to tell the women of this state that if a masturbating, half-naked man forces his way into your home, grabs you, and chases you ^through the house while .you try to fight him off, don’t worry — he probably doesn’t intend to seriously hurt you ... only to sexually. assault you. . Dillon v. State, 311 Ark. 529, 542, 844 S.W.2d 944, 950 (1993).